IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                                               PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:20-cv-443-DPJ-FKB

RONALD KING;
DR. WILLIAM BRAZIER;
and JOAN SHIVERS                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion for summary judgment for failure to exhaust administrative remedies [26], filed by Defendants Ronald King and Joann Shivers. Having considered the matter, the undersigned recommends that the motion [26] be granted.

### I. Factual Background

Plaintiff Dean C. Boyd is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incidents giving rise to this action, Boyd was incarcerated at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi. He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights.

Boyd's claims arise out of incidents taking place in April and May of 2019, when other inmates used a pressure washer to clean the bathroom and shower area in his unit. [1] at 4-5, [1-1] at 2. Boyd claims that carbon monoxide gas from the pressure washer caused him to pass out, injuring his head. He alleges that on these two occasions, he "completely passed-out" and "awaken[ed] with . . . headaches, blurred vision, [and] vomiting up until this present time." [1-1] at 2.

1

In his initial complaint, Boyd sued CMCF Superintendent Ronald King in his individual and official capacity, William Brazier, M.D., Mississippi Department of Corrections, and Central Mississippi Correctional Facility. [1] at 2-3.[1] Boyd alleges in his initial complaint that for treatment of his injuries, he saw "Physician Sutton," who indicated that he "would need to be sent out to a hospital . . . to have a[n] MRI scan of his head." *Id*. at 2. Boyd also alleges that "he only saw the eye doctor at CMCF on one occasion," but an appointment was set for him to see an off-site eye surgeon for his headaches and blurred vision. *Id*. Boyd contends that he submitted "numerous medical request forms (sick calls) to no avail" and was never sent off-site for an MRI or to see an eye surgeon. *Id*. at 3. He asserts that Dr. Brazier was deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment right against cruel and unusual punishment. *Id*.

In a subsequent filing, Boyd sought permission to amend his complaint to add Assistant Warden Joann Shivers as a defendant and to add claims against her and Superintendent King. *See* [5]. Specifically, the proposed new claims were that King and Shivers "had a supervisory duty, as overseers of . . . CMCF . . . to be responsible for the welfare of Plaintiff" and that Shivers had ordered the inmates to wash the showers and bathroom with the pressure washer. *Id*. at 5-6. This Court granted Boyd's motion to amend. *See* [7].

Defendants King and Shivers filed the instant summary judgment motion [26], contending that Boyd did not exhaust his available administrative remedies through the

---

[1] In a previous order, the Court dismissed Defendants Mississippi Department of Corrections and Central Mississippi Correctional Facility on the grounds that they are not "amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." [8] at 2 (citing *Scott v. Miss. Dep't of Corr.*, No. 2:05-CV-2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006)).

Administrative Remedies Program ("ARP") at CMCF for the claims added through his motion to amend. Boyd filed no response to the motion.

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.  Analysis

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County*, Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). . . . Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016) (emphasis added). "Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure *before* filing his complaint." *Id*. (emphasis added) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)).

Pursuant to Miss. Code Ann. §47-5-801, the MDOC has established a two-step ARP program that prisoners must exhaust prior to filing suit under the PLRA. *Carroll v. Lee*, Civil Action No. 4:16-cv-157-MPM-RP, 2017 WL 2704121, at *3 (N.D. Miss. June 22, 2017).

> The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. The adjudicator screens the grievance and determines whether to accept it into the ARP process. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. The Superintendent, Warden, or Community Corrections Director will then issue a final ruling, or Second Step Response—which completes the ARP process. If the inmate is unsatisfied with that response, he may file suit in state or federal court.

*Id*. (citing *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013)).

On June 27, 2019, Boyd submitted a grievance in the ARP at CMCF. *See* [26-1] at 6-8. In his grievance, Boyd explicitly states that he is "aggrieved by deliberate indifference from the

4

(720) (CMCF) Medical Clinic, where [he] has reached his . . . limit in filling out (MDOC) Medical Service Request forms . . . to no avail." *Id*. at 6. He explained that inmates had used a "combustible gas engine" to clean the showers and bathroom and that as a result of breathing the fumes from the engine, he had suffered nausea, dizziness, and headaches and had passed out, injuring his head and left shoulder. *Id*. at 6-7. Boyd complained in the grievance that he had filled out three Medical Service Request forms, which he attached as exhibits to his grievance, and specifically requested that he "receive immediate medical assistance for head and left shoulder injury." *Id*.; *see id*. at 9-11. Boyd completed the ARP process on this grievance. *See id*. at 21 (Second Step Response from MDOC ARP).

The Fifth Circuit has stated that "a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The problem addressed in Boyd's grievance was an alleged failure to provide adequate medical care. And failure to provide adequate medical care is the claim Boyd asserted in his initial complaint. Understandably, the MDOC officials assigned Boyd's grievance to Dr. Brazier for a First Step Response, since Boyd's grievance was a "medical treatment request." [26-1] at 3. But Boyd's grievance did not state and was not sufficient to exhaust his available administrative remedies on the claims he added against Defendants King and Shivers through his motion to amend [5].

## IV.  Conclusion

For the reasons stated above, the undersigned recommends that the summary judgment motion [26], filed by Defendants Ronald King and Joann Shivers, be granted. Specifically, the undersigned recommends that the claims asserted against Defendant Ronald King in Boyd's motion to amend [5] be dismissed and that Defendant Joann Shivers be dismissed as a defendant.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SUBMITTED on the 4th day of August, 2021.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE