IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                    PLAINTIFF

VS.                                                CIVIL ACTION NO. 3:20-cv-443-DPJ-FKB

RONALD KING;
DR. WILLIAM BRAZIER;
and JOAN SHIVERS                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Summary Judgment [42] filed by Ronald King[1] and the Motion for Summary Judgment [44] filed by Dr. William Brazier.  Plaintiff filed responses [48], [50], [51] in opposition to the summary judgment motions, to which Dr. Brazier filed a rebuttal [53].  Having considered the matter, the undersigned recommends that the summary judgment motions [42], [44] be granted.

### I.  Factual Background

Plaintiff Dean C. Boyd is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC") proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA").  Suing under 42 U.S.C. § 1983, Plaintiff alleges that his constitutional rights were violated during his incarceration at Central Mississippi Correctional Facility ("CMCF").

According to Boyd, in February through June 2019, other inmates monthly pressure washed the lavatory and showers located in the same large room containing inmates' beds. [38]

---

[1] Defendants Joann Shivers and Ronald King filed the same Motion for Summary Judgment [42]; however, since Shivers has been dismissed from this action, the summary judgment motion [42] should be terminated as moot with respect to Shivers.  *See* Order [56] dismissing Shivers and certain claims against King.

at 6-7 and 13.  Plaintiff maintains that on two such occasions in April and May,[2] he "completely passed-out," injured his head, and "awaken[ed] with . . . headaches, blurred vision, [and] vomiting up until this present time" due to carbon monoxide gas from the pressure washer's engine. [1-1] at 2.  Plaintiff contends that, in violation of the Eighth Amendment, Dr. Brazier was deliberately indifferent to his medical needs for treatment following the falls. *Id.* at 3.  At the *Spears* hearing, Plaintiff stated that he is suing Ronald King "mostly" because of his supervisory role. [38] at 14.  Plaintiff seeks compensatory and punitive money damages. [1] at 5.[3]

Ronald King's summary judgment motion [42] urges the Court to dismiss Plaintiff's case against him on the bases of sovereign and qualified immunities.  Dr. Brazier's summary judgment motion [44] argues that Plaintiff has failed to establish that Dr. Brazier was personally involved in the alleged deliberate indifference to medical needs and that records of ongoing medical treatment support a finding that there was no deliberate indifference to serious medical needs.

In addition to considering their dispositive motions, the Court under 28 U.S.C. § 1915(e)(2) has reviewed Plaintiff's claims against both remaining defendants to determine whether they are viable.  Title 28 U.S.C. § 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[2] Plaintiff's grievance forms submitted to the Administrative Remedy Program at CMCF state that he fell and hit his head in May and June of 2019. [26-1].  For the sake of this summary judgment motion, the Court relies upon the dates set forth in Plaintiff's complaint and sworn testimony at his *Spears* hearing—both of which allege that Plaintiff hit his head and passed out in April and May 2019. [1-1] at 2; [38] at 8-9 ("between April 1st and 5th, and then it was May 1st through 5th, somewhere in there").  "A *Spears* hearing is 'in the nature of an amended complaint or a more definite statement.'" *Lee v. Hennigan*, 98 F. App'x 286, 287 (5th Cir. 2004).
[3] Plaintiff's complaint mentions an equal protection claim ([1] at 3), but Plaintiff has presented no evidence or argument to support this claim, and the record reflects none.

2

contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.  Analysis

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under [§] 1983." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  "Thus, a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does *not* state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106 (emphasis added).  "In order to state a cognizable claim, a prisoner must

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

In defending such a claim, "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). "Deliberate indifference 'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* (citations omitted).

### A. Plaintiff's claims against Dr. Brazier should be dismissed with prejudice

It bears mentioning that while Plaintiff alleges that Dr. Brazier was deliberately indifferent because he *never* scheduled an MRI of Plaintff's "head" that supposedly would have revealed the cause of ongoing symptoms resulting from the two falls, Plaintiff's medical records indicate that an MRI of his brain was taken on January 10, 2020, almost six months before the instant suit was filed. *Compare* [47-3] at 35 to [1-1] at 2-3 and [38] at 10-11, 15. The undersigned, nonetheless, bases the recommendations herein on Plaintiff's own testimony and medical records not in dispute.

Plaintiff alleges that Dr. Brazier was the "head doctor" at CMCF, ([1-1] at 3), and in addition to faulting Dr. Brazier for not ordering an MRI of his head, he has sued Dr. Brazier for being dismissive of his medical requests:

> MS. SEANOR: . . . Good morning, Mr. Boyd. I represent Dr. Brazier. Can you explain why you're suing Mr. Brazier today?
>
> MR. BOYD: Yes, ma'am, for deliberate indifference. You know, he just kept putting me off, you know, and I kept going to him telling him, you know, that I was having, you know, the symptoms of dizziness, vomiting, blurry vision, and,

4

>you know, I was asking him to set me up an MR[I].  And he wouldn't even see
>me, you know, and I seen him on numerous occasions in the medical ward there
>at 720.  And I'm trying to get his attention and ask him to – to set me up an MR[I]
>for my head, and he would blow me off, you know, with a nurse practitioner.
>        And – you know, and then the nurse practitioner would take it and tell me
>that Dr. Brazier said that he wasn't sending me for no MR[I] right now, and it
>never took place. . .

[38] at 15.  However, the fact that Dr. Brazier did not personally perform a consultation for

treatment of Plaintiff's alleged symptoms supports a finding that Dr. Brazier has no liability

under §1983. *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) ("[D]octors may not be held

liable for § 1983 violations under a theory of respondent superior or vicarious liability, based

upon claimed omissions by the nurses.").  Plaintiff's preferences to be treated by Dr. Brazier

personally and scheduled for an MRI when he wanted one are disagreements over course of

treatment which do not rise to the level of a constitutional violation. *See Gobert*, 463 F.3d at 346

and 351-52; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with

medical treatment does not state a claim for Eighth Amendment indifference to medical needs.")

(citation omitted); *Estelle*, 429 U.S. at 107.

Furthermore, the undisputed evidence in this case shows that Plaintiff received extensive

treatment at CMCF in relation to the subject incidents.  He was seen by a nurse and a nurse

practitioner for right shoulder pain on April 9 and 10, 2019, respectively. [47] at 152-158.  On

July 15, 2019, he was seen offsite by Dr. Donald Baker for his right shoulder and complaints of

radiating numbness down his right arm, and Dr. Baker recommended an "MRI of the Cervical

neck to determine the underlying cause of pain and numbness." [47-2] at 5-9; *see also* [47] at

176-178.  Approximately two weeks later on July 29, 2019, he was seen by a nurse practitioner

at CMCF for a "chronic care" visit, at which he discussed falling, hitting his head, and

experiencing headaches and blurry vision. [47] at 178-184.  At this point, the records show that

his medications were updated to include "migraine formula" medication and an appointment was scheduled for optometry, which occurred the next day and resulted in a prescription for glasses. [47] at 181-186.  The cervical MRI ordered by Dr. Baker was performed on August 5, 2019, and on August 13, 2019, Dr. Baker referred Plaintiff to a spine surgeon. [47-2] at 11-15; *see also* [47] at 188-192.  Three radiographic views of Plaintiff's facial bones were completed on August 28, 2019, and on September 5, 2019, Plaintiff was seen by Dr. Menarvia Nixon-Gaddis at Merit Health Neurosurgery, who recommended cervical spine surgery. [47-2] at 21-26; *see also* [47] at 201-202.  Plaintiff underwent neck surgery on September 11, 2019 and February 10, 2020; x-rays of Plaintiff's cervical spine were taken on September 26, 2019, after the September surgery; and prior to the February neck surgery, MRIs were conducted on Plaintiff's cervical spine and thoracic spine on January 10, 2020. [47] at 264-266; [47-2] at 29-31; [47-3] at 9, 36-37.

As the course of treatment Plaintiff received sufficiently refutes his allegations of deliberate indifference, the undersigned finds that Plaintiff has suffered no constitutional violation. Accordingly, all claims against Dr. Brazier should be dismissed with prejudice.

## B.  Plaintiff's claims against Ronald King should be dismissed with prejudice

Plaintiff's official-capacity claims against Superintendent King are claims against the State of Mississippi, which has sovereign immunity from the monetary damages sought by Plaintiff in this lawsuit,[4] and Plaintiff's claims against King in his individual capacity should be dismissed because "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  "Only the direct acts or omissions of

---

[4] "The Eleventh Amendment . . . 'generally precludes actions against state officers in their official capacities.'" *Davis v. Hinton*, Civil Action No. 1:15-CV-358-JCG, 2017 WL 5707540, at *5 (S.D. Miss. Nov. 27, 2017) (citing *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004))).  Since Plaintiff is not seeking prospective injunctive relief, the *Ex Parte Young*, 209 U.S. 123 (1908), exception to sovereign immunity does not apply in this case.

government officials, not the acts of subordinates, will give rise to individual liability under §

1983." *Id.* at 742 n.6 (quoting *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir.1999)).

Further, as discussed above, Plaintiff has failed to show that the course of medical

treatment at CMCF violated his constitutional rights.  Accordingly, Plaintiff has failed to show a

viable § 1983 claim against King.

## IV.  Conclusion

For the reasons stated above, the undersigned recommends that Defendants' summary

judgment motions [42], [44], be granted, dismissing all pending claims against the only two

remaining defendants.  This case should, therefore, be dismissed in its entirety.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served[5] with a copy shall bar that party, except upon grounds

of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services*

*Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SUBMITTED on the 14th day of January, 2022.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is
sufficient to serve Plaintiff with this order.  The undersigned's staff shall mail this order to Plaintiff at the
last known address provided to the Court, as indicated on the Court's docket.