UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:20-CV-443-DPJ-FKB

RONALD KING;                                                                                      DEFENDANTS
WILLIAM BRAZIER; AND
JOAN SHIVERS

ORDER

Plaintiff Dean Boyd brings this suit, pro se and *in forma pauperis*, under 42 U.S.C. § 1983. He alleges that Defendant Dr. William Brazier was deliberately indifferent to his medical needs, refusing to order an MRI despite Boyd's direct pleas. *See* R&R [63] at 1–2, 4–5; Obj. [64] at 2–4. He also alleges liability on the part of Defendant Superintendent Ronald King. R&R [63] at 2. Brazier and King both moved for summary judgment. *See* Fed. R. Civ. P. 56. The matter is now before the Court on the Report and Recommendation [63] of United States Magistrate Judge F. Keith Ball.

"Eighth Amendment claims have objective and subjective components. The deprivation alleged must be 'objectively, sufficiently serious,' and the prison official sued must have a sufficiently culpable state of mind—that is, the official must have been deliberately indifferent to the prisoner's health and safety." *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013) (quoting *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999)). "[U]nsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). Rather, the plaintiff must show that "prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Gobert*, 463 F.3d at 346).

Judge Ball found no evidence that Brazier was ever Boyd's provider and, regardless, concluded that Boyd's documented course of treatment "sufficiently refutes his allegations of deliberate indifference." *Id.* at 5–6. Judge Ball also recommended dismissing the claims against King: the official-capacity claim is barred by Eleventh Amendment immunity, and the individual-capacity claim fails both because § 1983 imposes no supervisory liability and Boyd failed to establish a constitutional violation. *Id.* at 6–7.

In his Objection, Boyd alleges a previously undisclosed fact: He directly pleaded with Brazier for assistance, and Brazier, in response, "laughed and literally walked away." Obj. [64] at 3–4. The Court need not consider this new information. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). At any rate, the allegation does not detract from Judge Ball's observation that Boyd's medical records, showing extensive treatment and responsiveness, belie the deliberate-indifference claim. R&R [63] at 5–6. At a *Spears* hearing, Boyd detailed that Brazier refused his pleas for treatment by "blow[ing] me off" and assigning him to a nurse practitioner. Omnibus Tr. [38] at 15. That is exactly the sort of course-of-treatment decision that cannot support an Eighth Amendment claim. *See* R&R [63] at 5.[1]

Because Boyd's claims sound in negligence, not deliberate indifference, the Court adopts Judge Ball's Report and Recommendation [63] in full. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

---

[1] Boyd alleges that, on two occasions, he sustained head injuries when other inmates used carbon-monoxide-emitting pressure washers to clean the showers while Boyd was nearby. In his Objection, he re-alleges claims related to the use of those power washers against King and Warden Joan Shivers. Obj. [64] at 7, 9. This Court previously dismissed those claims for a failure to exhaust administrative remedies. Order [56] at 1–2. Boyd has appealed that decision.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2022.

              s/ *Daniel P. Jordan III*
              CHIEF UNITED STATES DISTRICT JUDGE