# United States Court of Appeals
# for the Fifth Circuit

No. 21-60708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2022

Lyle W. Cayce
Clerk

Dean C. Boyd,

*Plaintiff—Appellant*,

versus

Ronald King, *Mississippi Correctional Facility Superintendent, in his Individual and Official Capacity*; Doctor William Brazier; Joann Shivers, *Assistant Warden*,

*Defendants—Appellees*,

consolidated with

No. 22-60104
Summary Calendar

Dean C. Boyd,

*Plaintiff—Appellant*,

versus

Ronald King, *Mississippi Correctional Facility Superintendent, in his Individual and Official Capacity*; Doctor William Brazier,

*Defendants—Appellees*.

No. 21-60708
c/w No. 22-60104

---

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-443

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dean C. Boyd, Mississippi prisoner # 167698, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit. Specifically, Boyd challenges the grant of summary judgment in favor of defendants Ronald King and Joann Shivers for failure to exhaust administrative remedies, and he challenges the grant of summary judgment in favor of defendants King and Dr. William Brazier on the merits. We CONSOLIDATE the interlocutory appeal in No. 21-60708 and the appeal from the final judgment in No. 22-60104 on our own motion.

The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the grant of summary judgment de novo and apply the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Prison Litigation Reform Act requires inmates to exhaust available administrative remedies before initiating a lawsuit about prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Boyd has not shown a genuine issue of material fact with respect to whether he exhausted the available administrative remedies regarding his claims in the amended complaint against King and Shivers. *See*

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

Case: 21-60708 Document: 00516600439 Page: 3 Date Filed: 01/06/2023
Case 3:20-cv-00443-DPJ-FKB Document 72 Filed 01/06/23 Page 3 of 3

No. 21-60708
c/w No. 22-60104

*Jones v. Bock*, 549 U.S. 199, 211 (2007); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Johnson*, 385 F.3d at 515, 522. The record shows that Boyd's grievance from the Administrative Remedy Program (ARP) concerned his requests for access to medical treatment for his injuries and his allegations that he did not receive adequate medical treatment. He did not assert his claims against King and Shivers during the ARP process and instead asserted them for the first time in the district court. *See Jones*, 549 U.S. at 211; *Gonzalez*, 702 F.3d at 788.

As to Boyd's Eighth Amendment claims against King and Dr. Brazier, he has not demonstrated a genuine factual dispute surrounding § 1983 liability of King, as he does not specify any personal involvement of King. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Additionally, the record supports that none of Boyd's allegations against Dr. Brazier rise to the level of deliberate indifference to a serious medical need. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). At best, Boyd's claims amount to a disagreement with treatment, which is not actionable under the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Varnado*, 920 F.2d at 321.

Accordingly, the district court's judgment is AFFIRMED. Boyd's motion for leave to view a sealed document, filed in No. 22-60104, is DENIED.

Case: 21-60708 Document: 00516600439 Page: 3 Date Filed: 01/06/2023
Case 3:20-cv-00443-DPJ-FKB Document 72 Filed 01/06/23 Page 3 of 3

3